IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00646-BNB

RICHARD CROW,

    Plaintiff,

v.

MEDICAL STAFF CINDI J. SCHULER, P.A. at C.T.C.F., named in the complaint as CINDY SCHULER,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Richard Crow, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility. Mr. Crow initiated this action by filing *pro se* a civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983. As relief, he asks to be brought before the Court to address his claim.

    Mr. Crow has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while

they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Crow is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the complaint liberally because Mr. Crow is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed.

Mr. Crow complains that, following an injection of Kenalog for a ganglion cyst, he developed spreading skin pigmentation at the injection site as a side effect. He complains he was not warned in advance about the potential for this side effect, and denied a post-injection consultation with a skin specialist. He is suing Cindy Schuler, a member of the prison medical staff named as Cindi J. Schuler in the caption to the complaint, who allegedly was unaware of any potential side effect until after administering Kenalog. He complains that he continues to experience discoloration and discomfort at the injection site.

Mr. Crow does not allege any facts to implicate Defendant, Ms. Schuler, in a violation of his Eighth Amendment right to adequate medical care. "A prison official's

deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious . . . [Second,] a prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) (prison officials may not be deliberately indifferent to the serious medical needs of inmates in their custody). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Mr. Crow's allegations do not satisfy either requirement for an Eighth Amendment deprivation. Because Mr. Crow fails to allege facts that demonstrate an arguable Eighth Amendment violation against Ms. Schuler, the complaint and the action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Crow files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the complaint and action are dismissed as pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  27th  day of      March        , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court